**The Honorable Ronald B. Leighton**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

FREDERICK T. BREWSTER,

        Plaintiff,

  vs.

WACHOVIA MORTGAGE, et al.,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:11-cv-05597-RBL

**WELLS FARGO'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

**Note for Motion Calendar:**

**Friday, March 9, 2012**

## MOTION

  Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), moves pursuant to Fed. R. Civ. P. 12(b)(6) and 56(a) for an order dismissing the Amended Verified Complaint ("Complaint") of Frederick T. Brewster ("Plaintiff") and/or for summary judgment.  This motion is based upon the files and records herein, the Declaration of Roy Gissendanner ("Gissendanner Dec."), and the Declaration of Michael Dolan ("Dolan Dec.").

## MEMORANDUM

## I.  SUMMARY OF ARGUMENT

  Plaintiff's Complaint asserts claims against Wachovia Mortgage (a division of Wells Fargo) for quiet title, unjust enrichment, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Real Estate Settlement Practices Act, 12 U.S.C. § 2605 *et seq.* ("RESPA") in connection with his

Case No.:  3:11-cv-05597-RBL
WELLS FARGO'S MOTION TO DISMISS AND/OR
FOR SUMMARY JUDGMENT - 1

failure to repay a loan made under a promissory note ("Note") secured by a deed of trust ("Deed of Trust") for property located at 3718 S. M Street, Tacoma, WA 98418-3911 ( "Property").

Plaintiff's claims should be dismissed under Fed. R. Civ. P. 12(b)(6) because they either fail to meet federal pleading requirements or attempt to assert a claim where the law provides for no private right of action.

Furthermore, Plaintiff's claims should all be dismissed under Fed. R. Civ. P. 56. Plaintiff's quiet title claim (First Cause of Action) is premised on the incorrect assertion that Wells Fargo is the beneficiary under the Deed of Trust. To the contrary, the Note and Deed of Trust have never been sold or assigned and Wells Fargo is the successor to the federal savings bank.

Plaintiff's FDCPA claim (Second Cause of Action) fails because it is undisputed that Wells Fargo is collecting on a loan its predecessor in interest made to Plaintiff. The FDCPA does not apply to a bank collecting on its own loans to its customer.

Plaintiff's RESPA claim (Third Cause of Action) fails because the bank responded to Plaintiff's two letters of July 14, 2011, four weeks later on August 12, 2011. Although Wells Fargo does not agree that Plaintiff's letters met the definition of a qualified written request ("QWR") under RESPA, the August 12 response was well within the time allowed by law to respond to a QWR. The claim also fails because Plaintiff alleged no actual pecuniary damages.

Finally, Plaintiff's unjust enrichment claim (Fourth Cause of Action) is based on the false allegation that Wells Fargo sold the Note or otherwise received payment for it from other lenders, an insurer, or someone else. In fact, Wells Fargo has never sold, assigned or pledged the Note. The claim is based on unfounded speculation.

Case No.:  3:11-cv-05597-RBL
WELLS FARGO'S MOTION TO DISMISS AND/OR
FOR SUMMARY JUDGMENT - 2

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

## II.   RELEVANT FACTS

In May 2007, Plaintiff borrowed funds from World Savings Bank, F.S.B ("World Savings") to refinance two loans secured by the Property in a cash-out transaction.  The principal loan amount was $160,000.  Plaintiff received approximately $5,000 in cash from the transaction.  World Savings later changed its name to Wachovia Mortgage, F.S.B., which then merged into and became an operating division of Wells Fargo.  Gissendanner Dec. ¶ 4.  Thus, written communications continued under the Wachovia Mortgage name.

Plaintiff defaulted on his loan in November 2010 and failed to make any mortgage payments since that time.  Non-judicial foreclosure proceedings were initiated in July of 2011 when Plaintiff's delinquent payments were $9,021.02.  Exhibit A to Plaintiff's Complaint.

In response to Wachovia Mortgage's notice of its intent to foreclose, Plaintiff sent two letters dated July 14, 2011.  One was labeled a "Notice Under Fair Debt Collection Practices Act" and the other was labeled "Qualified Written Request."  In those letters, Plaintiff asked who owned the Note for verification that he had a contractual obligation to pay.  Exhibits B and C to Plaintiff's Complaint.

Without waiting for a response from Wachovia Mortgage, Plaintiff filed this lawsuit *pro se* on August 4, 2011.[1]

Wachovia Mortgage did respond to Plaintiff's two letters by letter dated August 12, 2011.  With that letter, Wachovia Mortgage confirmed to Plaintiff that World Savings had originated the loan, later changed its name to Wachovia Mortgage, Wachovia Mortgage became a division of Wells Fargo, and it held the Note and Deed of Trust:

---

[1] Plaintiff filed the Amended Verified Complaint (ECF No. 6) on August 26, 2011, but never properly served process on Wells Fargo.  On December 7, 2011, counsel for Wells Fargo signed a waiver of formal service of process.

Case No.:  3:11-cv-05597-RBL
WELLS FARGO'S MOTION TO DISMISS AND/OR
FOR SUMMARY JUDGMENT - 3

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> The loan was originated with World Savings Bank, FSB, a federal savings bank.  In December 2007, the name World Savings Bank, FSB, was changed to Wachovia Mortgage, FSB.  Please see the attached correspondence from the Office of Thrift Supervision recognizing the name change to Wachovia Mortgage, FSB.  Wachovia Mortgage, FSB, is now known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A. and is the holder of the Note and Deed of Trust, both of which are held by the Custodian of Records at 4101 Wiseman Blvd., San Antonio, TX 78251.  Attached, please find supporting documentation.

Wachovia Mortgage not only enclosed documents from the Office of Thrift Supervision recognizing the name change to Wachovia Mortgage.  It also enclosed copies of the Note and Deed of Trust.  Exhibit 1 to Dolan Dec.

## III.   ARGUMENT

### A.   Legal Standards

The court may dismiss a claim under Fed. R. Civ. P. 12(b)(6) when it "appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief."  *Silvas v. E\*Trade Mortgage Corp.*, 514 F.3d 1001, 1003-04 (9th Cir. 2008).

Under federal pleading requirements, threadbare allegations are insufficient to state claims for relief.  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Aschcroft v. Iqbal*, 566 U.S. 662, 129 S. Ct. 1937, 1952 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Only <u>facts</u> alleged in the complaint are presumed to be true.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1949.  Legal assertions and conclusory statements are not entitled to an assumption of truth.  *Id.* at 1950.

A claim is facially plausible when the complaint alleges facts that allow for reasonable inference that the defendant is liable for the alleged misconduct.  *Iqbal* at 1949 (citing *Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

Case No.:  3:11-cv-05597-RBL
WELLS FARGO'S MOTION TO DISMISS AND/OR
FOR SUMMARY JUDGMENT - 4

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* (internal quote marks omitted).

Summary judgment is appropriate for any claim that fails as a matter of law under undisputed material facts. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (a complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial). A court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The moving party has the initial burden to show that there is no genuine disputed issue of material fact. Once it has done so, the non-moving party must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324. Although inferences are to be drawn in a light most favorable to the party opposing the motion, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

**B.      Plaintiff's Claims Do Not Satisfy *Iqbal / Twombly* Pleading Standards.**

Plaintiff's claims do not satisfy the federal pleading standards under *Iqbal* and *Twombly*. His bare, conclusory statements and speculation are completely inadequate. Although his pleadings are to be construed liberally in his favor because he is acting *pro se* and, he is still subject to governing pleading standards. *Quiggle v. Wells Fargo Bank, N.A.*, No. CV-10-5221, 2010 U.S. Dist. LEXIS 111588 (W.D. Wash. 2010) (granting motion to dismiss with prejudice for plaintiffs' "facially deficient claims" that "merely offer labels and conclusions").

Case No.:  3:11-cv-05597-RBL
WELLS FARGO'S MOTION TO DISMISS AND/OR
FOR SUMMARY JUDGMENT - 5

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

1    "To survive a motion to dismiss, a complaint must contain sufficient factual

2    matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

3    *Iqbal*, 566 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 570

4    (2007)).  Although courts must generally accept factual allegations in a complaint

5    as true, courts "are not bound to accept as true a legal conclusion couched as a

6    factual allegation." *Id.* (citing *Twombly*, 550 U.S. at 555 (internal quotation marks

7    omitted)).  "[O]nly a complaint that states a plausible claim for relief survives a

8    motion to dismiss." *Id.*

9        Plaintiff's quiet title claim relies on conclusory and unsubstantiated

10   statements: "Defendants' claims to any right, title or interest in the property are

11   false and without merit;" and "Defendants are not owners or holders of any

12   promissory note encumbering the Homestead."  Complaint at ¶¶ 25 and 26.  These

13   conclusory statements lack any factual support whatsoever and should not be

14   accepted as true.

15       Plaintiff's fourth cause of action alleges "Defendant was unjustly enriched by

16   receiving excessive monetary payments from an unknown lender or lenders using

17   the Note as collateral, possibly having pledged the same Note multiple times; from

18   an unknown insurance company pursuant to a wrongful claim; from the TARP

19   program; and from other parties yet to be identified."  Complaint ¶ 54.  These

20   allegations imaginatively (and incorrectly) speculate about what Plaintiff thinks

21   might have happened with his loan.  Unsupported by any substantive factual

22   allegations, they are not entitled to a presumption of truth.

23       Plaintiff's state law claims do not allow a reasonable inference that he could

24   prevail on his claims.  Thus, they are subject to dismissal.

25   **C.**    **The Law Affords No Private Right of Action as to Plaintiff's Unjust Enrichment Claim Based on TARP.**

26       Plaintiff's claim that Wells Fargo was unjustly enriched by funds received

27   under the Troubled Asset Relief Program ("TARP") (part of the Emergency

28

Case No.:  3:11-cv-05597-RBL
WELLS FARGO'S MOTION TO DISMISS AND/OR
FOR SUMMARY JUDGMENT - 6

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

1  Economic Stabilization Act, 12 U.S.C. § 5201 *et seq.*) should be dismissed for an

2  additional reason.  Simply put, the federal legislation underpinning TARP provides

3  no private right of action against TARP fund recipients.  *Pantoja v. Countrywide*

4  *Home Loans, Inc.*, 640 F. Supp. 2d 1177 (N.D. Cal. 2009) (holding that there is no

5  express or implied private right to sue TARP fund recipients).  Because there is no

6  private right for Plaintiff to sue Wells Fargo under TARP, Plaintiff can prove no set

7  of facts that would entitle him to relief.  Thus, this claim should be dismissed under

8  Fed. R. Civ. P. 12(b)(6).  *Silvas,* 514 F.3d at 1003-04.

9  **D.    Plaintiff's Claims Also Fail on Undisputed Facts as a Matter of Law.**

10                **1.    Quiet Title (First Cause of Action)**

11         The entire basis of Plaintiff's quiet title claim is a false assertion that Wells

12  Fargo does not own or hold any promissory note encumbering the Property.

13  Amended Verified Complaint ¶ 26.  Just as Wachovia Mortgage explained to

14  Plaintiff in its letter dated August 12, 2011, the undisputed facts show that

15  Wachovia Mortgage (again, a division of Wells Fargo) still holds the original Note

16  and Deed of Trust, and they have never been sold, assigned, pledged or paid off by

17  anyone as Plaintiff wildly speculates.

18         Wachovia Mortgage is a "portfolio lender."  It generally does not sell loans

19  that it originated.  Instead, it keeps and services those loans.  Wachovia Mortgage

20  is now and has continuously been the owner of the original Note and Deed of Trust.

21  Gissendanner Dec. at ¶¶ 2-6.

22         Furthermore, courts (including this one) "routinely hold that Plaintiff's so-

23  called 'show me the note' argument lacks merit."  *Tuck v. Mortgage Electronic*

24  *Registration Systems, Inc.*, No. CV11-5236, 2011 U.S. Dist. LEXIS 90116, *6 (W.D.

25  Wash. 2011)) (Judge Leighton) (quoting *Freeston v. Bishop, White & Marshall*,

26  No. C09-5560, 2010 U.S. Dist. LEXIS 28081 (W.D. Wash. 2010) (dismissing

27  plaintiff's claims and finding that plaintiffs did not articulate, much less

28  demonstrate, what the defendants did wrong, and that plaintiffs failed to show how

Case No.:  3:11-cv-05597-RBL
WELLS FARGO'S MOTION TO DISMISS AND/OR
FOR SUMMARY JUDGMENT - 7

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

1  any such error would have the effect of relieving them of the obligation to repay

2  their debt.); *Rhodes v. HSBC Bank USA N.A.*, No. C11-05303, 2011 U.S. Dist.

3  LEXIS 81396 (W.D. Wash. 2011) (rejecting the "show me the Note" argument).

### 2. Federal Debt Collections Practices Act (Second Cause of Action).

Plaintiff alleges that Wells Fargo violated the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").  The FDCPA only provides for claims against a defendant who is a "debt collector."  "'Debt collector'" excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person . . . ."  15 U.S.C. § 1692a(6)(F).

Thus, a creditor collecting directly on a loan it originated cannot be a "debt collector" under the FDCPA.  *Rispoli v. Bank of America*, No. C11-362, 2011 U.S. Dist. LEXIS 85053 (W.D. Wash. 2011) (dismissing FDCPA claim against lender attempting to collect a loan it made to the plaintiff).  Case law from other parts of the county also uniformly holds that creditors collecting their own loans are not debt collectors under the FDCPA.  *E.g., McAnaney v. Astoria Financial Corp.*, 357 F. Supp. 2d 578, 592-93 (E.D.N.Y. 2005); *Scott v. Wells Fargo Home Mortgage*, 326 F. Supp. 2d 709, 718 (E.D. Va. 2003).

Here, Wachovia Mortgage (a division of Wells Fargo) is Plaintiff's creditor and is attempting to collect on a loan that World Savings originated.  World Savings simply changed its name to Wachovia Mortgage, which later merged into Wells Fargo.  Wachovia Mortgage is not attempting to collect a debt owed by Plaintiff to some other person or entity.  Gissendanner Dec. at ¶ 7.  Wachovia Mortgage simply is not a "debt collector" for purposes of the FDCPA.  The claim fails on undisputed facts as a matter of law.

Case No.:  3:11-cv-05597-RBL
WELLS FARGO'S MOTION TO DISMISS AND/OR
FOR SUMMARY JUDGMENT - 8

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 3.   Real Estate Settlement Procedures Act (Third Cause of Action).

Plaintiff alleges that one of his letters dated July 14, 2011, was a QWR and Wells Fargo violated RESPA by failing to respond within 10 days.  Wells Fargo does not agree that either of Plaintiff's letters meet RESPA's definition for a QWR, but assuming for argument one or the other letter was a QWR, Plaintiff's claim fails on summary judgment.

While it is true that RESPA does require loan servicers to provide a substantive response to a borrower's QWR, the time limit is not 10 days as Plaintiff alleges.  To this day, RESPA provides that a loan servicer is to respond within 60 days, not including Saturdays, Sundays, and holidays.  12 U.S.C. § 1265(e).  Contrary to what Plaintiff states, once the amendments to 12 U.S.C. § 1265(e) become effective, the Dodd Frank Act will reduce the response time from 60 days to 30 days, again excluding Saturdays, Sundays, and holidays.  Section 1463(c) of the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376.  There is no dispute that Wachovia Mortgage responded to Plaintiff's letters of July 14 by letter dated August 12, 2011 – 29 calendar days later.  Exhibit 1 to Dolan Dec.  Even assuming for argument that one of Plaintiff's letters did meet the definition of a QWR and Dodd Frank Act's change of the time limit from 60 days to 30 days had already become effective by July 14, 2011, Plaintiff has no basis to claim that the bank failed to timely respond under RESPA.

When a borrower has sent a loan servicer a true QWR, the loan servicer must "provide the borrower with a written explanation or clarification that includes information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer."  12 U.S.C. § 2605(e)(1)(A).  Again, assuming for argument that one of Plaintiff's July 14 letters was a QWR, it is undisputed that Wachovia Mortgage's letter of August 12, 2011, responded directly to Plaintiff's request for information confirming that Wachovia

Case No.:  3:11-cv-05597-RBL
WELLS FARGO'S MOTION TO DISMISS AND/OR
FOR SUMMARY JUDGMENT - 9

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

1   Mortgage was his creditor on the loan as to which Wachovia Mortgage had initiated

2   foreclosure proceedings.  Dolan Dec.  The undisputed facts are that a timely and

3   substantive response was sent to Plaintiff in response to his letters of July 14, 2011,

4   and his RESPA claim necessarily fails on summary judgment.

5        Finally, Plaintiff's RESPA claim fails for another reason as well.  A RESPA

6   claim for failure to respond to a QWR requires a showing of actual pecuniary

7   damages.  *Allen v. United Fin. Mort. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal.

8   2009) (quoting *Hutchinson v. Del. Sav. Bank, FSB*, 410 F. Supp. 2d 374, 383 (D.N.J.

9   2006) ("alleging a breach of RESPA duties alone does not state a claim under

10   RESPA.  Plaintiff must, at a minimum, also allege that the breach resulted in

11   actual damages.")); *Apodaca v. HSBC Bank of United States*, No. 10-cv-307, 2010

12   U.S. Dist. LEXIS 41079 (S.D. Cal. 2010) (dismissing RESPA claim for failure to

13   respond to QWR because plaintiff failed to allege actual damages resulting from the

14   alleged RESPA violations).  Plaintiff's Complaint includes no allegation that

15   Plaintiff suffered any actual pecuniary damages in connection with the supposed

16   lack of a response to his letters of July 14, 2011.  Accordingly, his RESPA claim

17   fails for that reason as well.

18       **4.**    **Unjust Enrichment (Fourth Cause of Action)**

19        Plaintiff has no facts to support his claim for unjust enrichment.  He

20   premises this claim on unfounded speculation that Wells Fargo received "excessive

21   monetary payment from an unknown lender or lenders using the Note as collateral,

22   possibly having pledged the same Note multiple times; from an unknown insurance

23   company pursuant to a wrongful claim; from the TARP program; and from other

24   parties yet to be identified."  Complaint ¶ 52.  Plaintiff also falsely asserts that, "All

25   sums advanced for any loan to the Plaintiff by investors have been repaid, settled,

26   satisfied or otherwise are no longer outstanding."  Complaint ¶ 53.  These

27   unsubstantiated statements are false, and Plaintiff has no competent evidence to

28   support them.

Case No.:  3:11-cv-05597-RBL
WELLS FARGO'S MOTION TO DISMISS AND/OR
FOR SUMMARY JUDGMENT - 10

1    As explained in Roy Gissendanner's declaration, Wachovia Mortgage is now

2  and has continuously been the owner of the original Note.  The Note was never sold

3  to any other entity.  Wachovia Mortgage never received any "monetary payment" for

4  the Note from any other entity as Plaintiff wildly speculates.

5                          IV.    **CONCLUSION**

6      For all the foregoing reasons, all of Plaintiff's claims should all be dismissed

7  with prejudice.

8      DATED this 16th day of February, 2012.

9
                                  s/Robert J. Bocko
10                                Robert J. Bocko, WSBA No. 15724
                                  Nicolas J. Vikstrom, WSBA No. 38420
11                                ATTORNEYS FOR DEFENDANT
                                  WELLS FARGO BANK, N.A.
12                                Keesal, Young & Logan
                                  1301 Fifth Avenue, Suite 1515
13                                Seattle, Washington  98101
                                  Telephone:   (206) 622-3790
14                                Facsimile:   (206) 343-9529
                                  *E mail:*      *robert.bocko@kyl.com*
15                                            *nick.vikstrom@kyl.com*

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.:  3:11-cv-05597-RBL
WELLS FARGO'S MOTION TO DISMISS AND/OR
FOR SUMMARY JUDGMENT - 11

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

1

## CERTIFICATE OF SERVICE

2       I hereby certify that on the date given below, I electronically filed the

3   foregoing **WELLS FARGO'S MOTION TO DISMISS AND/OR FOR SUMMARY**

4   **JUDGMENT** with the Clerk of the Court using the CM/ECF system, and served

5   the plaintiff Frederick T. Brewster via regular U.S. mail, postage prepaid, at the

6   following last-known address:

7

8   Frederick T. Brewster
    3718 South M Street
9   Tacoma, WA  98418-3911

10      DATED this 16th day of February, 2012, at Seattle, Washington.

11

12

13                                          Mary E. Tappero

14  KYL_SE71101v3

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.:  3:11-cv-05597-RBL
WELLS FARGO'S MOTION TO DISMISS AND/OR
FOR SUMMARY JUDGMENT - 12