The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| FREDERICK T. BREWSTER, | Case No. 3:11-cv-05597-RBL |
| Plaintiff, | **WELLS FARGO'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT** |
| vs. | |
| WACHOVIA MORTGAGE, et al., | |
| Defendant. | |

## I.  SUMMARY OF REPLY

Plaintiff Frederick T. Brewster ("Plaintiff") initiated this lawsuit to delay foreclosure after he defaulted on his loan with Wells Fargo Bank, N.A. ("Wells Fargo"). To the extent he opposes Wells Fargo's Motion to Dismiss and/or for Summary Judgment, ECF No. 17, he does so only on the baseless and unsupported notion that Wells Fargo does not own or hold the promissory note ("Note") or Deed of Trust, which secures the Note.

Plaintiff's opposition fails to address Wells Fargo's motion asking the Court to dismiss his claims under Fed. R. Civ. P. 12(b)(6) because they either fail to meet federal pleading requirements or attempt to assert a claim where the law provides for no private right of action.

The opposition that Plaintiff does put forward as to Wells Fargo's summary judgment motion relies entirely on unsubstantiated allegations, not admissible

Case No.:  3:11-cv-05597-RBL
WELLS FARGO'S REPLY IN SUPPORT OF MOTION
TO DISMISS AND/OR FOR SUMMARY
JUDGMENT - 1

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

evidence, and an unwarranted argument for delay. Despite having failed to identify any evidence that would show there is a genuine dispute of material fact (and therefore having failed to meet Rule 56(d)), Plaintiff also argues that summary judgment would be premature at this time.

Because Plaintiff either fails to oppose or offers only baseless and unsupported arguments to defeat Wells Fargo's motion to dismiss and/or summary judgment, the motion should be granted and Plaintiff's claims should be dismissed.

## II.   REPLY ARGUMENT

### A.   Plaintiff Does Not Oppose the Motion to Dismiss.

Wells Fargo's moved to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6). Wells Fargo explained that the claims either fail to meet federal pleading requirements or attempt to assert a claim for unjust enrichment under a federal statutory scheme that provides no private right of action (i.e., as to funds received under the Troubled Asset Relief Program ("TARP") (part of the Emergency Economic Stabilization Act, 12 U.S.C. § 5201 *et seq.*)). *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177 (N.D. Cal. 2009) (holding that there is no express or implied private right to sue TARP fund recipients). Plaintiff has not submitted any argument or evidence in opposition to this part of Wells Fargo's motion, indicating that Plaintiff concedes the motion. Local Civil Rule 7(b)(2).

### B.   Mere Allegations Are Insufficient to Defeat Summary Judgment.

Plaintiff's opposition to Wells Fargo's motion for summary judgment must be measured against the standards set out in Fed. R. Civ. P. 56(c) and judicial precedent. Fed. R. Civ. P. 56(c) provides:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do

Case No.:  3:11-cv-05597-RBL
WELLS FARGO'S REPLY IN SUPPORT OF MOTION
TO DISMISS AND/OR FOR SUMMARY
JUDGMENT - 2

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Without offering any contradicting evidence to support his position, Plaintiff attempts to dispute the established fact that Wells Fargo owns and holds the original promissory note ("Note") and Deed of Trust encumbering the property at issue. Wells Fargo established its ownership of the Note and DOT in Roy Gissendanner's Declaration, ECF No. 19, ¶¶ 2-6, thus satisfying its burden under Rule 56(c).

Once the moving party meets its burden, as Wells Fargo did here, the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial" to avoid summary judgment. *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The non-moving party may do this by use of declarations, including his own, depositions, answers to interrogatories or requests for admissions. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Plaintiff offers no such contradictory evidence of any kind to show any genuine disputed materials fact. Thus, his opposition fails.

His self-serving allegations and conclusory statements are insufficient to dispute ownership of the Note and Deed of Trust. While Plaintiff refers to a "Pooling and Serving Agreement," Plaintiff's Response to Motion to Dismiss, ECF No. 25, at 2, he offers absolutely no evidence that the agreement affects the ownership of his, or any, particular note or deed of trust held by Wells Fargo. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that this is some metaphysical doubt as the materials facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the (opposing party)."

Case No.: 3:11-cv-05597-RBL
WELLS FARGO'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT - 3

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

1  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Here, Plaintiff's reliance
2  on the agreement to support his conclusion that Wells Fargo does not own the Note
3  or Deed of Trust is rank speculation—nothing more than "some metaphysical
4  doubt"—and his opposition is insufficient to overcome summary judgment.

5      Plaintiff further acknowledges that courts routinely reject "show me the note"
6  arguments.  Plaintiff argues only that a lender must be the owner and holder of the
7  note in order to initiate a non-judicial foreclosure.  Wells Fargo has shown that it
8  owns and holds the Note and Deed of Trust.

### C. Plaintiff's FDCPA Claim Fails.

10      Plaintiff also fails to address Wells Fargo's defense of his claim asserted
11  under the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").
12  The FDCPA only provides claims against a defendant who is a "debt collector,"
13  which by definition is not a creditor collecting on its own debt instrument.  Plaintiff
14  fails to offer any evidence to try to show that Wells Fargo is collecting a debt owed
15  to some third party and therefore a "debt collector" as defined by the FDCPA.

16      Plaintiff states only that "discovery is not complete, so summary judgment
17  would be premature."  Plaintiff's Response to Motion to Dismiss, ECF No. 25, at 5.
18  He fails to point to any evidence that he could obtain in discovery to show that
19  Wells Fargo is collecting a debt for a third party.  The Note itself shows that
20  Plaintiff owes the debt to Wells Fargo as the successor to the original lender.

21      Plaintiff goes on to state that "the allegations of the Complaint should be
22  read in the light most favorable to the plaintiff."  *Id*.  Plaintiff's interpretation of his
23  burden in opposing Wells Fargo's motion is misguided.  "Mere allegations or
24  denials" do not meet the opposing party's burden of showing a genuine issue of
25  material fact.  *Gasaway v. Northwestern Mut. Life Ins. Co.*, 26 F3d 960 (9th Cir.
26  1994).

27      Because Plaintiff wholly fails to satisfy his burden of demonstrating specific

Case No.:  3:11-cv-05597-RBL
WELLS FARGO'S REPLY IN SUPPORT OF MOTION
TO DISMISS AND/OR FOR SUMMARY
JUDGMENT - 4

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

1  facts showing that there is a genuine dispute of material fact, summary judgment
2  should be granted in Wells Fargo's favor to dismiss Plaintiff's FDCPA claim.

### D. **Plaintiff's RESPA Claim Fails**

#### 1. **Plaintiff's expressly requested information under the Truth in Lending Act.**

On July 14, 2011, Plaintiff wrote to Wachovia Mortgage (now a division of Wells Fargo) purporting to request information regarding the servicing of his mortgage loan.  In his letter, Plaintiff stated:  "This is also a request made pursuant to § 1641(f)(2) of the Truth in Lending Act ("TILA") for the name, address and telephone number of the owner of the mortgage Note that evidences this debt obligation."  Plaintiff now attempts to shoehorn his request made expressly under TILA into a request pursuant to a newly drafted provision of RESPA that is not yet in effect.  Plaintiff's attempt to change the characterization of his request must fail.

#### 2. **Wells Fargo timely and properly responded to Plaintiff's request for information.**

Plaintiff does not dispute that Wells Fargo responded to his July 14, 2011, request by letter dated August 12, 2011—29 calendar days after the original request.  Plaintiff's only argument is that he is entitled to damages because Wells Fargo did not respond to his request within 10 days.  Plaintiff cites Section 1463(a) of the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376, which amends RESPA, not TILA, for the proposition that a servicer of a federally related mortgage must respond within 10 business days to a request from a borrower "to provide the identity, address, and other relevant contact information about the owner or assignee of the loan."

#### 3. **The provision cited by Plaintiff is not yet in effect.**

Even if Plaintiff's request was made pursuant to RESPA, which it was expressly not, Section 1463 does not go into effect until 18 months after the designated transfer date, which was set for July 21, 2011.  Dodd Frank Act, Pub. L.

Case No.:  3:11-cv-05597-RBL
WELLS FARGO'S REPLY IN SUPPORT OF MOTION
TO DISMISS AND/OR FOR SUMMARY
JUDGMENT - 5

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

No. 111-203, 123 Stat. 1376, § 1400(c). Section 1463 does not go into effect until January 2013.

### 4. Plaintiff fails to show actual damages to support a RESPA claim.

Furthermore, Plaintiff fails to show any actual pecuniary damages as required to state a claim for damages under RESPA. *Allen v. United Fin. Mort. Corp*., 660 F. Supp. 2d 1089, 1097 (N.D. Cal 2009); *Apodaca v. HSBC Bank of United States*, No. 10-cv-307, 2010 U.S. Dist. LEXIS 41079 (S.D. Cal. 2010). Plaintiff's request to amend his complaint to state his damages is untimely and amendment would be futile in any event. If Plaintiff could point to any alleged damages, he would have done so in response to Wells Fargo's motion, and there are other reasons why the claim fails (as discussed above).

## III. CONCLUSION

For all of the foregoing reasons, the Court should grant Wells Fargo's motion to dismiss and/or for summary judgment and dismiss all of Plaintiff's claims with prejudice.

DATED this 29th day of March, 2012.

/s/ Robert J. Bocko
Robert J. Bocko, WSBA No. 15724
Nicolas J. Vikstrom, WSBA No. 38420
ATTORNEYS FOR DEFENDANT
WELLS FARGO BANK, N.A.
Keesal, Young & Logan
1301 Fifth Avenue, Suite 1515
Seattle, Washington 98101
Telephone: (206) 622-3790
Facsimile: (206) 343-9529
*E mail:* *robert.bocko@kyl.com*
*nick.vikstrom@kyl.com*

# CERTIFICATE OF SERVICE

I hereby certify that on the date given below, I electronically filed the foregoing **WELLS FARGO'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system, and served the plaintiff Frederick T. Brewster via regular U.S. mail, postage prepaid, at the following last-known address:

Frederick T. Brewster
3718 South M Street
Tacoma, WA  98418-3911

DATED this 29th day of March, 2012, at Seattle, Washington.

_____
Hillary Thelen

Case No.:  3:11-cv-05597-RBL
WELLS FARGO'S REPLY IN SUPPORT OF MOTION
TO DISMISS AND/OR FOR SUMMARY
JUDGMENT - 7

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790