HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDERICK T. BREWSTER,<br><br>                        Plaintiff,<br><br>     v.<br><br>WACHOVIA MORTGAGE, et al.,<br><br>                       Defendants. | No. 11-cv-5597 RBL<br><br>ORDER GRANTING SUMMARY JUDGMENT<br><br><br><br><br><br>[Dkt. #17, 27] |

       Defendant Wells Fargo Bank, N.A. has moved for summary judgment on Plaintiff's claims: unjust enrichment, quiet title, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Real Estate Settlement Practices Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"). The motion is granted.

## I.    BACKGROUND

       Plaintiff does not appear to dispute the key facts. Plaintiff borrowed $160,000 from World Savings Bank, F.S.B., in May 2007. (Decl. of Roy Gissendanner, Ex. A (Promissory Note)). World Savings changed its name to Wachovia, which later merged with Wells Fargo, carrying Plaintiff's Note with it. *Id.* ¶ 4. Plaintiff defaulted in November 2010, and Wachovia (using its name as an operating division of Wells Fargo) initiated foreclosure.

       Plaintiff sent two letters on July 14, 2011, one labeled as "qualified written requests" under RESPA, and another seeking information under the FDCPA. (Compl., Exs. B & C.) The RESPA letter does not relate to a servicing error *per se*, but requests to the identity of the current Note-holder. In response, Wachovia responded that World Savings originated the loan, the

Order - 1

bank's name changed to Wachovia (attaching correspondence from the Office of Thrift Supervision recognizing the name change), and that the bank merged with Wells Fargo. (Decl. of Michael Dolan, Ex. A, Dkt. #18.) The FDCPA letter requests essentially the same thing: "the name and address of the original creditor." The original creditor is, of course, Wachovia as holder of the Note. Indeed, there is no evidence that the debt was passed to a third-party for collection. Plaintiff asserts that Wells Fargo violated both the FDCPA and RESPA by failing to properly respond.

## II.   DISCUSSION

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### A. Unjust Enrichment

"A party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract relating to the same matter, in contravention of the express contract." *Chandler v. Wash. Toll Bridge Auth.*, 17 Wash. 2d 591, 604 (1943). Because there is no question that the alleged issues here are expressly governed by contract—the Note and Deed—the claim fails as a matter of law.

### B. Quiet Title

"A quiet title claim against a mortgagee requires that a mortgagor requires an allegation that the mortgagor is the rightful owner to the property, i.e. that the mortgagor has paid an outstanding debt secured by the mortgage." *Rispoli v. Bank of America*, No. 11-cv-362, 2011 WL 3204725, at *3 (W.D. Wash. July 1, 2011) (citing *Kelley v. MERS, Inc.*, 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009)).

Here, Plaintiff does not dispute his default and has presented no evidence whatsoever to suggest that Wells Fargo does not hold his Note. Indeed, Wells Fargo has presented the Note. (Decl. of Roy Gissendanner, Ex. A (Promissory Note).) There is no issue of material fact as to ownership and the Court therefore grants summary judgment on this claim.

### C. FDCPA

A creditor directly collecting on a loan is not a "debt collector" under the FDCPA. *See* 15 U.S.C. § 1692a(6)(F) (defining debt collector as one "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due ***another***" (emphasis added)); *see also Rispoli*, 2011 WL 3204725, at *3. Because Wells Fargo is indisputably collecting on its own debt, its conduct does not fall within the meaning of the FDCPA. Even if it did, Plaintiff has presented no evidence suggesting a violation. The motion for summary judgment is therefore granted.

### D. RESPA

Even assuming that Plaintiff's letter constituted a "qualified written request," Wells Fargo responded and answered Plaintiff's question. There is no basis for liability whatsoever.

### III. CONCLUSION

For the reasons stated above, Wells Fargo's Motion for Summary Judgment (Dkt. #17) is **GRANTED**. Plaintiff's motion to file a sur-reply (Dkt. #27) is **DENIED** as moot. The case is dismissed.

Dated this 15th day of May 2012.

Ronald B. Leighton
United States District Judge