HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FREDERICK T. BREWSTER,

                     Plaintiff,

       v.

WACHOVIA MORTGAGE, et al.,

                    Defendants.

No.  11-cv-5597 RBL

ORDER ON MOTION FOR
ATTORNEY'S FEES AND ON
RECONSIDERATION

[Dkts. #30, 32]

**INTRODUCTION**

Following the Court's grant of summary judgment to Wachovia, Mr. Brewster has moved for reconsideration (Dkt. #32), and Wachovia has moved for attorney's fees (Dkt. #30), as provided by the deed of trust and promissory note signed by Mr. Brewster.  For the reasons stated below, the Court grants the motion for attorney's fees and denies the motion for reconsideration.

**MOTION FOR RECONSIDERATION**

Motions for reconsideration are disfavored under the Local Rules:

> Motions for reconsideration are disfavored.  The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule 7(h), W.D. Wash.  The Ninth Circuit has called reconsideration an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000).  "Indeed, a motion for

reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners*, 179 F.3d 656, 665 (9th Cir. 1999)).

Here, Mr. Brewster's motion for reconsideration demonstrates no manifest error or new factual or legal basis for altering the Court's grant of summary judgment.  He maintains simply that Wachovia is not the mortgagee, without any supporting evidence.  Wachovia provided Mr. Brewster's Note (Gissendanner Decl., Ex. A) in defense.  And prior to this suit, Wachovia explained to Mr. Brewster that World Savings Bank had originated the loan, changed its name to Wachovia Mortgage, and currently holds his Note and Deed at 4101 Wiseman Blvd., San Antonio, Texas 78251.  Mr. Brewster failed to produce any evidence to the contrary, let alone evidence sufficient to create a material issue of fact.  His claims are meritless and summary judgment was properly granted.

### MOTION FOR ATTORNEY'S FEES

In both his Note and Deed, Mr. Brewster agreed to pay attorney's fees and costs incurred in enforcing the Note and protecting the note-holder's security rights in the property. (Gissendanner Decl., Ex. A ¶8 (Note); Ex. B ¶7 (Deed).)  Wachovia promptly notified Mr. Brewster of these contractual agreements after he brought suit.  (Bocko Decl., Ex. A.) Wachovia's letter block-quotes the contractual clauses and states that it "reserves its rights under the note and the deed of trust to recover its attorney's fees and costs incurred in the lawsuit." *Id.* Wachovia has moved for attorney's fees and costs; Mr. Brewster has not responded.

The Court has considered Mr. Bocko's Declaration, the nature of the case, and the number of filings presented, and grants $5,000 in attorney's fees and costs.

**CONCLUSION**

For the reasons stated above, the Motion for Reconsideration (Dkt. #30) is **DENIED**; the Motion for Attorney's Fees and Costs (Dkt. #32) is **GRANTED**, consistent with the terms above.

Dated this 27th day of June 2012.

Ronald B. Leighton
United States District Judge