HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDERICK T. BREWSTER,<br><br>　　　　Plaintiff,<br>　v.<br><br>WACHOVIA MORTGAGE, FSB,<br>WELLS FARGO BANK, NA,<br><br>　　　　Defendants. | CASE NO. C11-5597 RBL<br><br>ORDER ON ATTORNEY'S FEES ON REMAND |

THIS MATTER is before the Court on remand from the Ninth Circuit Court of Appeals. Proceeding *pro se*, Plaintiff Frederick Brewster filed a lawsuit challenging the validity of Defendants' foreclosure on his home. This Court granted summary judgment and dismissed all of Brewster's claims as meritless. Having foreclosed on his home and prevailed on summary judgment, Defendants next requested an attorney's fee award of $29,561.40 from Brewster, who has subsequently filed for bankruptcy. Dkt. 30, Dkt. 31-2 at 28; Dkt. 43. Given the straightforward nature and quick resolution of the case, the Court awarded just $5,000 in fees. Brewster appealed the Court's order on summary judgment and Defendants appealed the Court's award of attorney's fees. The Ninth Circuit affirmed this Court's grant of summary judgment on Brewster's claims [Dkt. 45], but vacated the Court's award of attorney's fees and remanded for the Court to articulate with additional specificity the basis for its fee award [Dkt. 46]. The Court obliges.

ORDER ON ATTORNEY'S FEES ON REMAND - 1

# I. LEGAL STANDARD

The initial step in determining a reasonable fee is to calculate the lodestar figure, by taking the number of hours reasonably expended on the litigation and multiplying it by the appropriate hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court should exclude overstaffed, redundant, or unnecessary time. *Id.* at 434. The Court must also consider the extent of Plaintiffs' success, as that is a "crucial factor" in determining an appropriate award. *Id.* at 440. After determining the lodestar figure, the court should then determine whether to adjust the lodestar figure up or down, based on factors not subsumed in the lodestar figure. These factors[1] were adopted in this Circuit by *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975) *cert. denied*, 425 U.S. 951 (1976). The applicability of the sixth (whether the fee is fixed or contingent) and tenth (the "undesirability" of the case) *Kerr* factors is doubtful after *City of Burlington v. Dague*, 505 U.S. 557 (1992); *see also Davis v. City & County of San Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993) (fixed vs. contingent nature of fee is not to be considered). Additionally, numerous courts have subsequently held that the bulk of these factors are subsumed in the lodestar calculation. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 898–900 (1984).

---

[1] The *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976).

## II. ANALYSIS

Defendants' fee award request reflects approximately 102 hours of work of one partner (Robert Bocko, 33.4 hours at $416/hour), two associates (Nicolas Vikstrom, 49.5 hours at $244/hour; Daniel Moore, 5.6 hours at $290/hour), and a paralegal (Shannalyn West, 13.1 hours at $150/hour). Dkt. 31-2 at 28.

The Court awarded just $5,000 in attorney's fees to Defendants because this case was not complicated nor did it involve novel legal issues. Rather, it involved claims by a *pro se* plaintiff that were quickly dismissed on summary judgment. The Court determines that the second, third, and seventh *Kerr* factors warrant a significant downward adjustment of the lodestar figure.

Additionally, Defendants included line items for unnecessary tasks that the Court is not inclined to award fees for. For example, the Court will not compensate Defendants $24 in fees for the six minutes it took attorney Vikstrom to review the Court's one-sentence minute order resetting dates and deadlines. S*ee* docket entry for Oct. 25, 2011; Dkt. 31-2 at 10. Nor will the Court award fees for the time that Defendants spent erroneously reviewing the loan file of a different person who shared Plaintiff's name. Dkt. 31-2 at 3.

It is remarkable that it took three attorneys and one paralegal over a hundred hours to rebut the frivolous claims of a single *pro se* plaintiff. It is equally remarkable that Defendants appealed the fee award in an effort to extract another $25,000 from a bankrupt plaintiff in default. The Court finds that the amount of time expended by Defendants is unreasonable, and a fee award of $5,000 is appropriate given the straightforward nature of the litigation, amount of effort, and speed with which it was resolved.

Accordingly, the Court awards Defendants $5,000 in attorney's fees and costs.

IT IS SO ORDERED.

Dated this 2nd day of November, 2017.

_____
Ronald B. Leighton
United States District Judge